JOHN D. VAUGHN (SBN 171801)
jvaughn@mckennalong.com
PETER Z. STOCKBURGER (SBN 265750)
pstockburger@mckennalong.com
MCKENNA LONG & ALDRIDGE LLP
4435 Eastgate Mall Suite 400
San Diego, CA 92121
Telephone: (619) 595-5400
Facsimile: (619) 595-5450

Attorneys for Applicant
MERRILL LYNCH, PIERCE, FENNER &
SMITH INCORPORATED

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

CV11-10660 CBM (JCx)

| | |
|---|---|
| MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, | CASE NO. |
| Applicant, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICANT'S APPLICATION TO CONFIRM ARBITRATION AWARD AND FOR ENTRY OF JUDGMENT** |
| v. | |
| RODEL CORRIENTE, | |
| Respondent. | |

# I.

## INTRODUCTION

Applicant Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") respectfully submits this Memorandum of Points and Authorities in support of its Application to Confirm Arbitration Award and for Entry of Judgment ("Application") pursuant to 9 U.S.C. § 9, asserting original federal jurisdiction under 28 U.S.C. § 1332(a)(1), to confirm the Financial Industry Regulatory Authority ("FINRA") arbitration award dated January 19, 2011 and issued in Los Angeles, California (the "Arbitration Award") which rendered an award in favor of Merrill Lynch on its claims for breach of Promissory Note, unjust enrichment, and for attorneys' fees and costs against Respondent Rodel Corriente ("Corriente").  As demonstrated below, this Court has original jurisdiction to grant this Application, confirm the Arbitration Award, and enter judgment thereon.

# II.

## PROCEDURAL HISTORY

### A.   Background and Promissory Note

Corriente was employed by Merrill Lynch from on or about November 3, 2006 to July 9, 2010.  Declaration of Olga Y. Wayne ("Wayne Dec.") ¶ 4.  On October 6, 2006, Corriente entered into a Promissory Note with Merrill Lynch securing a loan in the amount of $270,000, with interest at the rate of 5.25% per annum.  *Id.* at ¶ 5, Exhibit ("Exh.") 1.

On or about July 9, 2010, Corriente voluntarily resigned from Merrill Lynch.  *Id.* at ¶ 6.  Corriente's resignation from Merrill Lynch triggered his obligation to repay to Merrill Lynch the balance of the loan secured by the Promissory Note.  Accordingly, upon his resignation, Merrill Lynch demanded payment of the balance of the Promissory Note which, at that time, was $130,434.92 plus interest at the rate of 5.25% per annum from July 9, 2010 until paid.  *Id.*  Corriente refused to pay the balance of the Promissory Note.  *Id.*

**B.      Arbitration Award**

On October 5, 2010, Merrill Lynch filed a Statement of Claim against Corriente with FINRA, captioned *Merrill Lynch, Pierce, Fenner & Smith Incorporated v. Rodel Corriente*, Case No. 10-04449, asserting claims for breach of the Promissory Note, unjust enrichment, and for attorneys' fees and costs. *Id.* at ¶ 7, Exh. 2.

The Arbitrator appointed to preside over the dispute found that Corriente "has been properly served with the Statement of Claim". *Id.* ¶ 8, Exh. 3, page 2. He further found that Corriente "is required to submit to arbitration pursuant to the Code of Arbitration Procedure and is bound by the determination of the Arbitrator on all issues submitted." *Id.*

On or about January 19, 2011, the FINRA Arbitrator issued an Arbitration Award in Merrill Lynch's favor as follows:

1.      Compensatory damages of $130,434.92;

2.      Interest on the amount of $130,434.92 at the rate of 5.25% per annum from July 9, 2010 to the date of the Award; and

3.      The sum of $1,000.00 to reimburse Merrill Lynch for the non-refundable portion of the Initial Claim filing fee.

*Id.* at ¶ 9, Exh. 3.

**C.      Settlement Agreement**

On or about June 2, 2011, following entry of the Arbitration Award, Merrill Lynch and Corriente entered into a Settlement Agreement and Release ("Settlement Agreement") in order to allow Corriente to satisfy his obligations under the Arbitration Award over time in accordance with a payment schedule as set forth in the Settlement Agreement.[1]  *Id.* at ¶ 10, Exh. 4.  According to the Settlement

---

[1] Contrast with FINRA Rule 12904(j), providing that all monetary awards shall be paid within 30 days of receipt of the award.

1    Agreement, Corriente was to pay Merrill Lynch $10,000 every three months

2    commencing on October 17, 2011. *Id.*

3           Per the terms of the Settlement Agreement, if any payment to be made by

4    Corriente is not received by the due date set forth in the payment schedule,

5    Corriente will have fourteen (14) days to cure his default upon written notice from

6    Merrill Lynch. *Id.* If Corriente fails to cure the breach within the fourteen day time

7    period, Merrill Lynch reserves the right to initiate proceedings to enforce the full

8    amount of the Arbitration Award ($130,434.92, plus interest at the rate of 5.25%

9    per annum from July 9, 2010 to the date of the Award, plus $1,000 in fees), less any

10   payments made by Corriente during the life of the Settlement Agreement, "plus all

11   filing and other fees and costs, including reasonable attorneys' fees, incurred

12   pursuant" to the initiation of proceedings to enforce the Arbitration Award. *Id.* at

13   ¶ 15, Exh. 4

14   **D.    Corriente's Breach of the Settlement Agreement**

15          Corriente's first payment of $10,000 was due and payable on or before

16   October 17, 2011. Corriente failed to make this payment. *Id.* at ¶ 11. On

17   October 25, 2011 Merrill Lynch provided Corriente with written notice of default.

18   *Id.* at ¶ 12, Exh. 5. Having not received payment, Merrill Lynch provided Corriente

19   with a second written notice of his default on December 2, 2011. *Id.* at ¶ 13,

20   Exh. 6. In the December 2, 2011 letter, Merrill Lynch stated that if payment was

21   not received by December 9, 2011, proceedings would be initiated against Corriente

22   to enforce Merrill Lynch's rights. *Id.* Merrill Lynch did not receive payment from

23   Corriente on December 9, 2011. *Id.* at ¶ 14.

24          To date, Corriente has failed, and continues to fail, to make any payment to

25   Merrill Lynch. Accordingly, Corriente has defaulted on his payment obligations

26   under the Settlement Agreement and continues to be in default of the Settlement

27   Agreement as of the date the instant Application was filed. *Id.* Merrill Lynch is

28

1   thereby authorized to file the instant Application to confirm the Arbitration Award

2   and request entry of judgment thereon.

### III.

### STATEMENT OF JURISDICTION

5   This Court is one of limited jurisdiction. *Gould v. Mutual Life Ins. Co. of*

6   *New York*, 790 F.2d 769, 774 (9th Cir. 1986). Thus, the burden of establishing

7   jurisdiction is on the party asserting it. *See Kokkonen v. Guardian Life Ins. Co. of*

8   *Am.*, 511 U.S. 375, 377 (1994). As provided below, this Court has both personal

9   and subject matter jurisdiction over this matter.

A.   **Personal Jurisdiction**

11   Prior to confirming and entering an arbitration award pursuant to 9 U.S.C.

12   § 9, personal jurisdiction over the individual upon which judgment will be entered

13   must first be established. *Kirby Morgan Dive Systems v. Hydrospace, Ltd., et. al*,

14   No. CV 09-4934 PSG (FFMx), 2010 WL 234791, at *3 (C.D. Cal. Jan. 13, 2010).

15   Generally, the nature of an individual's contacts with the forum state determines the

16   propriety of personal jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v.*

17   *Hall*, 466 U.S. 408, 416 (1984). In the instant case, personal jurisdiction may arise

18   upon service of an application to confirm an arbitration award in accordance with

19   9 U.S.C. § 9.[2] *See Reed & Marti, Inc. v. Westinghouse Elec. Corp.*, 439 F.2d 1268,

20   12876-77 (2d Cir. 1971) ("The [FAA] provides for a specific means of obtaining

21   personal jurisdiction in the district agreed to by the parties. . . .").

22   Here, Merrill Lynch is informed, and on that basis alleges, that Corriente is a

23   resident of the State of California. Wayne Dec. ¶ 4. Corriente was employed by

24   Merrill Lynch from on or about November 3, 2006 to July 9, 2010 in Merrill

25   Lynch's Los Angeles offices located at 225 South Lake Avenue, Suite 100,

---

[2] 9 U.S.C. § 9 provides, in pertinent part, that "[n]otice of the application [for confirmation of the award] shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding."

1    Pasadena, California 91101. *Id.* Corriente resides at 1020 San Carlos Road,

2    Arcadia CA 91006-2226. *Id.* As an employee within the State of California, and

3    as a property owner in the State of California, Corriente has availed himself of the

4    State of California and has sufficient contacts with this State to be subject to this

5    Court's jurisdiction. Further, Merrill Lynch personally served Corriente with the

6    instant Application on December ___, 2011. Declaration of John D. Vaughn dated

7    December ___, 2011 ¶ 2, Exhs. 1-2. Accordingly, this Court has personal

8    jurisdiction over Corriente.

9    **B.    Subject Matter Jurisdiction**

10        When an application to confirm an arbitration award is brought under

11   9 U.S.C. § 9, the applicant seeking confirmation must also separately establish

12   either diversity or federal question jurisdiction before a federal court may entertain

13   the application. *Southland Corp. v. Keating*, 465 U.S. 1, 15 n. 9 (1984); *Carter v.*

14   *Health Net of California*, 374 F.3d 830, 833 (9th Cir. 2004); *Holland v. Wachovia*

15   *Securities, LLC*, No. 08cv1772-WQH-BLM, 2009 WL 1396361, at *3 (S.D. Cal.

16   May 15, 2009).

17        Here, diversity jurisdiction exists under 28 U.S.C. § 1332(a)(1) because

18   (1) the above-entitled parties are citizens of different states, and (2) the amount in

19   controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C.

20   § 1332(a)(1).

21        **1.    Citizenship of Merrill Lynch and Corriente**

22             **a.    Corriente's Citizenship**

23        For diversity purposes, a person is a "citizen" of the state in which he or she

24   is domiciled. *Kantor v. Wellesly Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir.

25   1983). A party's residence is *prima facie* evidence of his domicile. *State Farm*

26   *Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("*Dyer*").

27        Merrill Lynch is informed and on that basis alleges that Corriente is, and at

28   all relevant times herein has been, a resident of the State of California. *See* Wayne

1    Dec. ¶ 4.  Accordingly, Corriente's California residency constitutes *prima facie*

2    evidence of his domicile, and is evidence of his California citizenship.  *Kantor*,

3    704 F.2d at 1090; *Dyer*, 19 F.3d at 520.

4                    b.    **Merrill Lynch's Citizenship**

5         Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed a citizen of

6    any State in which it has been incorporated, and of the State where it has its

7    principal place of business[.]"  Merrill Lynch is a corporation incorporated under

8    the laws of Delaware, and its principal place of business is in New York.  Wayne

9    Dec. ¶ 3.

10        The phrase "principal place of business" in 28 U.S.C. § 1332(c)(1) refers to

11   the "place where a corporation's officers direct, control, and coordinate the

12   corporation's activities."  *Hertz Corp. v. Friend*, 590 U.S. ____, 130 S.Ct. 1181,

13   1192 (2010).  In practice, this is "normally . . . the place where the corporation

14   maintains its headquarters – provided that the headquarters is the actual center of

15   direction, control, and coordination, *i.e.*, the  'nerve center,' and not simply an

16   office where the corporation holds its board meetings. . . ."  *Id.*

17        Merrill Lynch's principal place of business is New York.  This is where

18   Merrill Lynch's officers direct, control, and coordinate Merrill Lynch's activities.

19   Wayne Dec. ¶ 3.  Merrill Lynch's corporate headquarters, where its high-level

20   executive management and administrative functions are performed, is located in

21   New York.  *Id.*  Merrill Lynch's New York corporate headquarters are where its

22   primary policy decisions are made, and where day-to-day control of the business is

23   executed.  *Id.*

24        Consequently, under the headquarters test set forth in *Hertz Corp.*, Merrill

25   Lynch's principal place of business is located in New York and, as a result, Merrill

26   Lynch is not now, and was not at the time of the filing of this Application, a citizen

27

28

of the State of California within the meaning of the Acts of Congress relating to diversity jurisdiction.

### 2.   **Amount in Controversy**

When an applicant seeks confirmation of an arbitration award, without seeking a remand for further arbitration proceedings, the "amount in controversy" is the value of the arbitration award itself. *Hansen Beverage Co. v. DSD Distributors, Inc.*, No. 08cv0619-LAB (RBB), 2008 WL 5233180, at *5 (S.D. Cal. Dec. 12, 2008). Here, the value of the Arbitration Award exceeds the $75,000.00 jurisdictional threshold for diversity jurisdiction. *See* Section II(B) *supra*.

Accordingly, because personal jurisdiction exists over Lynn, and diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a)(1), this Court has original jurisdiction over this Application pursuant to 28 U.S.C. § 1332(a)(1). This Application is therefore proper for consideration pursuant to 9 U.S.C. § 9 and, as provided below, should be granted.

### IV.

### **VENUE**

Venue is proper in either (1) a judicial district where any defendant resides or (2) a judicial district in which a substantial part of the events giving rise to the claim occurred. 28 U.S.C. § 1391(a)(1)-(2). Venue is proper before this Court because the Arbitration Award was entered in Los Angeles and Corriente resides in Arcadia, California.

### V.

### **ARGUMENT**

Arbitration awards only have force and effect when they are converted into a court order or judgment through an application to confirm. *Hansen Beverage Co.*, 2008 WL 5233180, at *3. When presented with an application to confirm an award under the Federal Arbitration Act ("FAA"), the district court "must grant such an order unless the award is vacated, modified, or corrected . . . ." 9 U.S.C. § 9.

1   Federal courts have "only limited authority to review arbitration decisions [brought

2   under the FAA] because broad judicial review would diminish the benefits of

3   arbitration." *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012

4   (9th Cir. 2004).[3]  To that end, confirmation is required "even in the face of

5   erroneous findings of fact or misinterpretations of law." *French v. Merrill Lynch,*

6   *Pierce, Fenner & Smith, Inc.*, 784 F.2d 902, 906 (9th Cir. 1986).

7        Here, the FINRA Arbitrator issued the Arbitration Award in favor of Merrill

8   Lynch.  Pursuant to 9 U.S.C. § 9, this Court must confirm the Arbitration Award

9   and enter judgment thereon.

10       The Federal Arbitration Act, 9 U.S.C. §§ 1-14 ("FAA"), governs Merrill

11  Lynch's application in this case.  Section 9 of the FAA provides as follows:

> If the parties in their agreement [to arbitrate] have agreed
> that a judgment of the court shall be entered upon the
> award made pursuant to the arbitration, and shall specify
> the court, then at any time within one year after the award
> is made any party to the arbitration may apply to the court
> so specified for an order confirming the award, and
> thereupon the court must grant such an order unless the
> award is vacated, modified, or corrected as prescribed in
> sections 10 and 11 of this title [9 U.S.C. §§ 10, 11].  If no
> court is specified in the agreement of the parties, then
> such application may be made to the United States court
> in and for the district within which such award was made.

19  9 U.S.C.  § 9 (emphasis added).

20       Corriente's agreement to arbitrate the underlying dispute is memorialized in a

21  Form U-4, entitled "Uniform Application for Securities Industry Registration or

22  Transfer" ("Form U-4").  Wayne Dec., ¶ 17, Exh. 7.  Corriente executed this form

23

24  [3] Congress enacted the FAA to replace judicial indisposition to arbitration with a

25  "national policy favoring [it] and plac[ing] arbitration agreements on equal footing
    with all other contracts." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440,

26  443 (2006).  Accordingly, an application for an order confirming and entering an

27  arbitration award "will get streamlined treatment as a motion, obviating the separate
    contract action that would usually be necessary to enforce or tinker with an arbitral

28  award in court." *Hall St. Assocs., L.L.C., v. Mattel, Inc.*, 552 U.S. 576, 582 (2008).

1    to obtain his general securities representative license as a registered representative

2    of his employer/firm, Merrill Lynch.  *Id.*  By executing the Form U-4, Corriente

3    expressly agreed to "arbitrate any dispute, claim or controversy that may arise

4    between me and my firm [Merrill Lynch]…that is required to be arbitrated under

5    rules, constitutions, or by-laws of FINRA."  *Id.* at page 10, § 15A, Item 5.

6          FINRA Rules required Corriente to arbitrate Merrill Lynch's claims.  Merrill

7    Lynch, as a FINRA-registered member firm,  and Corriente, as a FINRA-registered

8    financial advisor,  are required to comply with FINRA Rule 13200(a), which

9    provides, in relevant part, as follows:

10         13200. Required Arbitration

11          (a) Generally

12         Except as otherwise provided in the Code,  a dispute must be arbitrated under

13   the Code if the dispute arises out of the business activities of a member or an

14   associated person and is between or among:

15         • Members;

16         • Members and Associated Persons; or

17         • Associated Persons.

18   FINRA Rule 13200.  *Id.* at ¶ 17, Exh. 8.

19         Moreover, the Arbitration Panel in the underlying arbitration specifically

20   held that Corriente was "required to submit to arbitration pursuant to the Code of

21   Arbitration Procedure (the 'Code') and, having answered the claim, [is] bound by

22   the determination of the Panel."   Since no court was specified in the parties'

23   agreement to arbitrate, in accordance with Section 9 of the FAA, Merrill Lynch

24   brings its Motion in this Court, because  the Arbitration Award was entered in Los

25   Angeles California.  *Id.* at ¶ 9, Exh. 3.

26         Moreover, Rule 13904(a) of the FINRA Code of Arbitration Procedure for

27   Industry Disputes (the "FINRA Code") provides that FINRA arbitration "awards

28   may be entered as a judgment in any court of competent jurisdiction."  *Id.* at ¶ 17,

1    Exh. 8, Rule 13904 (a).  This Rule is incorporated by reference into Corriente's

2    agreement to arbitrate, by virtue of FINRA Rule 13101(b), which states that

3    "[w]hen a dispute is submitted to arbitration under the Code pursuant to an

4    arbitration agreement the Code is incorporated by reference into the agreement."

5    *Id.*, Rule 13101(b).

6         Thus, Merrill Lynch's Application to this Court is proper, as it is made

7    pursuant to the provisions set forth in the FAA, as well as the Code of Arbitration

8    Procedure of FINRA.  See also *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S.

9    20, 24-25 & n.2 (1991) (noting that the FAA is applicable to arbitration clauses

10    contained in securities industry regulation applications).  It is well established that

11    confirmation and entry of an arbitration award is meant to be summary.

12    Accordingly, because the Arbitration Award is final, this Court must confirm the

13    award and enter judgment thereon.

**VI.**

**CONCLUSION**

16         Pursuant to the foregoing, Merrill Lynch respectfully requests that this Court

17    grant Merrill Lynch's Application, confirm the Arbitration Award, and enter

18    judgment accordingly.

19    Dated:  December 22, 2011        MCKENNA LONG & ALDRIDGE

20                                      LLP

By: _____
John D. Vaughn
Peter Z. Stockburger
*Attorneys for Applicant*
Merrill Lynch, Pierce, Fenner &
Smith Incorporated

SD:22251048.2