*JS-6*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED,<br><br>      Applicant,<br><br>v.<br><br>RODEL CORRIENTE,<br><br>      Respondent | No. CV 11-10660 CBM (JCGx)<br><br>JUDGMENT |

      Consistent with the Court's Minute Order on Plaintiff's Application to Confirm Arbitration Award and for Entry of Judgment [Docket No. 19];

      On October 6, 2006, Respondent Rodel Corriente ("Corriente") entered into a Promissory Note with Applicant Merrill Lynch in the amount of $270,000, with interest at a rate of 5.25% per annum. (Declaration of Olga Y. Wayne ["Wayne Decl." at ¶ 5, Exh. 1.) On or about July 9, 2010, Corriente resigned from Merrill Lynch, triggering his obligation to repay Merrill Lynch the balance of the loan, which was $130,434.92 plus interest. (*Id*. at ¶ 6.) Corriente "refused to pay the balance of the promissory note." (*Id*.)

On October 5, 2010, Merrill Lynch filed a Statement of Claim against Corriente with the Financial Industry Regulatory Authority (FINRA). (Wayne Decl. at ¶ 7.) A FINRA arbitrator found that Corriente had been properly served with the Statement of the Claim and notice of arbitration, that Corriente was required to submit to arbitration pursuant to the Code of Arbitration Procedure, that Corriente is bound by the determination of the arbitrator on all issues submitted, and that Merrill Lynch be awarded $130,434.92 in damages plus interest at 5.25% per annum and $1,000 for costs of the Initial Claim filing fee. (*Id*. at ¶ 8.) Corriente did not file an answer or opposition in the FINRA arbitration, and the arbitrator ruled without a hearing. (*Id*.) *See* FINRA Rule 13806(e)(1) (noting that for disputes over a failure to pay money owed on a promissory note, "[i]f the associated person does not file an answer, no initial prehearing conference or hearing will be held, and the arbitrator will render an award based on the pleadings and other materials submitted by the parties.")

On or about June 2, 2011, the parties entered into a Settlement Agreement and Release that set up a payment schedule to repay the loan. (Wayne Decl. at ¶ 10, Exh. 4.) The Settlement stated that in the case of a breach by Corriente, Merrill Lynch reserved the right to initiate proceedings to enforce the full amount of the Arbitration Award less any payments made by Corriente "plus all filing and other fees and costs, including reasonable attorneys' fees, incurred pursuant" to the initiation of the proceedings to enforce the Arbitration Award. (*Id*.)

Corriente failed to make his first payment on or before October 17, 2011. (*Id*. at ¶ 11.) After multiple notices and warnings to Corriente and no payment from Corriente, Merrill Lynch filed this action on December 27, 2011. (*Id*. at ¶¶ 12-14, Exhs. 5, 6.)

Good cause appearing therefore, the Court ORDERS that Plaintiff's Application to Confirm Arbitration Award and for Entry of Judgment [Docket No. 1] is hereby granted;

And good cause appearing therefore, the Court further ORDERS that Judgment shall be and hereby is entered in favor of the Plaintiff and against Defendant Rodel Corriente.

**IT IS SO ORDERED.**

DATED:  March 12,  2012          By _____

                                       CONSUELO B. MARSHALL

                                       UNITED STATES DISTRICT JUDGE